# AFFIDAVIT IN SUPPORT OF JUVENILE INFORMATION

I, Aaron A. Green, swear, depose and state as follows:

## Introduction

On October 10th 2015 at, O.N.M. was driving her 2015 Nissan Murano in the vicinity of Lomas del Sol in Guaynabo, Puerto Rico. O.N.M. had her twelve week old daughter in a carseat in the center rear passenger area, and her mother in right rear seat. A stolen Toyota Corolla, occupied by three male subjects honked and passed O.N.M. on the left. The subject vehicle stopped in front of O.N.M. and "Lian" and another armed subject exited their vehicle pointing pistols at O.N.M.. O.N.M. knew the subject meant to carjack her, so she reversed away from the subjects. While O.N.M. was "Lian" fired his weapon at O.N.M.. The bullet traveled through the windshield of the vehicle and struck the top of the baby's carseat.

## Preliminary Background Information

I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and have been employed as such since 2009. I am currently assigned to the San Juan Division of the FBI, and primary investigative violent crimes and violent crimes against children.

This affidavit is submitted in support of the Juvenile Information which charges Carjacking using firearms, in violation of 18 U.S.C. §§ (2119)(1), §§ 924(c)(1)(A)(iii) (possession and discharge of a firearm during and in relation to a crime of violence), §§ 924(c)(1)(B)(ii) and 2, (possession of a machinegun during and in relation to a crime of violence), Title 21, United States Code, §§ 841(a)(1), (b)(1)(C) (Possession with intent to distribute

cocaine-base (commonly known as crack-cocaine), and Title 18, United States Code, §§ 924(c)(l)(B)(ii) (possession of a machinegun in furtherance of a drug trafficking crime-machinegun).

Because this affidavit is being submitted for the limited purpose of establishing probable cause that Lian committed the aforementioned violations of federal law, I have not included each and every fact known to me concerning this investigation.

## Investigation

Based upon my involvement with this case and my discussions with witnesses and law enforcement officials, including other FBI agents and law enforcement officers from the Police of Puerto Rico, I have learned the following:

On October 10th 2015 at approximately 5:30 p.m., O.N.M. was driving her 2015 Nissan Murano in the vicinity of Lomas del Sol. O.N.M. had her twelve week old daughter in a carseat in the center rear passenger area, and her mother in right rear seat. A stolen Toyota Corolla, occupied by three male subjects honked and passed O.N.M. on the left. The subject vehicle stopped in front of O.N.M., and the front passenger door opened first followed by the left rear passenger door. Both subjects were armed with semi-automatic pistols. The subject from the left rear passenger seat, identified as **Luis Leamsy Ramos-Alicea** (Ramos), a juvenile of fifteen years old, was wearing jean shorts, a t-shirt, and sneakers. Ramos pointed his weapon at O.N.M.'s head and walked towards her shouting commands. The subject from the front passenger seat, identified at Andre Gonzalez-Sanchez (Gonzalez) was a short skinny male wearing a camouflage sleeveless shirt. Gonzalez pointed his weapon at O.N.M.'s vehicle.

2

O.N.M. understood the subjects meant to carjack her, so she put the vehicle in reverse and fled away from the subjects. When O.N.M.'s vehicle began its egress, Gonzalez fired his weapon at O.N.M. The bullet traveled through the windshield of the vehicle and struck the top of the baby's carseat, before passing through the rear passenger seat and stopping in the rear door frame.

The subjects returned to their vehicle and fled the scene. Approximately ten minutes later, a POPR officer located the subject vehicle at a nearby Puma gas station. From surveillance video recovered form the station the subject vehicle can be seen pulling up the pump. The driver of the vehicle remains in the vehicle and Ramos exits the rear of the vehicle and Gonzalez exits the front passenger seat. Both Ramos and Gonzalez entered the convenient store, before Ramos returns to the vehicle.

When the officer attempts to detain the vehicle, it sped away with the driver and Ramos, leaving Gonzalez behind. Gonzalez was later arrested at the gas station. O.N.M. was shown a photo line-up and positively identified Gonzalez.

Ramos was arrested several days after this carjacking on a matter unrelated to the carjacking. During the post-arrest interview (after Miranda rights given and with his mother present) Ramos admitted his participation in the carjacking, but denied that he was shooter. Ramos further indicated that during the carjacking he was carrying a .40 caliber machinegun and stated, "if he had been the shooter, they will not be okay" (si yo hubiera sido el que disparó ellas no estuvieran bien), indicating he knew the weapon he was carrying would fire more than one shot with a single pull of the trigger.

On the evening of October 21, 2015 agents of the Department of Homeland Security and San Juan Police served a search warrant on a second story apartment of building 59 in Canales. Upon arriving at the area of Building 59, agents were able to see the individual wearing a white shirt, later identified as Ramos, in the second floor balcony of apartment 1051 with a handgun in his hand. Agents identified themselves as police officers, and Ramos went inside the apartment. Agents knocked on the door of apartment 1051, and the individual, identified as Jose Martinez-Castro, a.k.a. "Dian," opened the door for the agents. Upon entering the apartment, agents placed all occupants under arrest including a third individual, later identified as Alexander Daniel Mojica-Garay, a.k.a. "Lelo".

A reviewed of the Nemesio R. Canales Public Housing Project Occupancy Report provided by the Puerto Rico Housing Administration revealed that apartment 1051 on building 59 is currently vacant. Upon searching the apartment, agents found two (2) firearms (a Glock pistol, Model 27, .40 caliber and a Sig Sauer pistol, Model P220, .45 caliber), approximately $668.00 in U.S. currency, 136 vials of crack-cocaine, 1 baggie of cocaine, 8 magazines (two 7.62 x 39 caliber rifle magazines; and three .45 caliber magazines; and three .40 caliber magazines), a total of 214 rounds of ammunition (thirty-four .45 caliber rounds; one hundred .40 caliber rounds; and eighty 7.62x39 caliber rounds) and three (3) cellphones.

For these reasons, I believe that **Luis Leamsy Ramos-Alicea**, a juvenile under the terms of the Federal Juvenile Delinquency Act, who had not yet attained the age of

eighteen (18) years, did commit acts of juvenile delinquency in violation of the laws of the United States.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

_____
Aaron A. Green
Special Agent Federal Bureau of Investigation

Subscribed to and sworn to before me this 16 day of November, 2015.

I find probable cause to believe that the offenses alleged in the JUVENILE INFORMATION to have been committed by LUIS LEAMSY RAMOS-ALICEA.

_____
Bruce J. McGiverin
United States Magistrate Judge